UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CASE NO. _____

*ELECTRONICALLY FILED*

MICHAEL JOHNSON                                                                                PLAINTIFF

v.                              **NOTICE OF REMOVAL**

WAL-MART STORES EAST, LP                                                          DEFENDANT

\* \* \* \* \*

Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), by counsel, states as follows in support of its removal of this action:

1.      There was an action commenced which is now pending in the Whitley Circuit Court, Civil Action No. 14-CI-00578, in which the above-named Michael Johnson is the Plaintiff and Wal-Mart Stores East, LP is the Defendant.  (*See* Plaintiff's Complaint, attached at Exhibit 1).

2.      Wal-Mart Stores East, LP has a general partner, WSE Management, LLC, and a limited partner, WSE Investment, LLC, both of which are Delaware limited liability companies whose sole member is Wal-Mart Stores East, Inc.  Wal-Mart Stores East, Inc. is now and was at the time of the commencement of this action and at all times pertinent hereto, a corporation organized and incorporated under the laws of Arkansas with its principal place of business located in Arkansas.  For these reasons, Wal-Mart Stores East, LP is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen of the state of Arkansas and not a citizen of Kentucky.  (*See* Affidavit of Counsel for Wal-Mart, attached as Exhibit 2).

4. Plaintiff, Michael Johnson, is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen and resident of the Commonwealth of Kentucky, and not a citizen or resident of Delaware or Arkansas. (*See* Plaintiff's Complaint, attached as Exhibit 1).

5. This is a personal injury case. In Plaintiff's Complaint, Plaintiff claims he slipped and fell at the Williamsburg, Kentucky Wal-Mart. (*See* Exhibit 1). As a result, Plaintiff seeks serious bodily injuries and past and future pain and suffering. *Id*. He seeks damages for past and future medical expenses, lost wages, and damages for the impairment to earn future monies. *Id*. Wal-Mart could not ascertain whether this case was removable based solely on Plaintiff's Complaint.

6. On November 10, 2014, Wal-Mart's counsel sent Plaintiff Interrogatories, requesting him to set forth the damages he seeks pursuant to CR 8.01. (*See* Wal-Mart's Interrogatories and Requests for Production of Documents, attached at Exhibit 3). On February 9, 2015, Wal-Mart received Plaintiff's response to Interrogatory Number 15 which stated he seeks the following:

| | |
|---|---|
| Past medical expenses: | $ 3,559.30 |
| Future pain and suffering: | $50,000.00 |
| Future medical expenses: | $15,000.00 |
| Future pain and suffering: | $50,000.00 |

(*See* Plaintiff's Responses to Wal-Mart's Interrogatories and Requests for Production of Documents at Interrogatory No. 15, attached at Exhibit 4).[1] Plaintiff also testified he will be

---

[1] Plaintiff's certificate of service is unclear. However, Wal-Mart's counsel received verified responses to its Interrogatories and Requests for Production of Documents on February 9, 2015. It received unverified responses to
(continued…)

seeking damages for lost wages and his impaired earning capacity although he does not yet know the amount. (Plaintiff's Dep. at 19, 20-21, attached as Exhibit 6). Thus, Plaintiff is seeking more than $118,559.30. Based on the foregoing, Wal-Mart has reason to believe that the amount in controversy well exceeds the sum of $75,000, exclusive of interest and costs. (*See* Affidavit of Counsel for Wal-Mart, attached as Exhibit 2).

7. This action involves a controversy between citizens of different states, as the Plaintiff is a resident and citizen of Kentucky, while Wal-Mart Stores East, LP is a citizen of the state of Arkansas. The United States District Court is given original jurisdiction in a case in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332; 28 U.S.C. § 1446.

8. This Notice is filed within thirty (30) days of Wal-Mart's receipt of Plaintiff's Responses to Wal-Mart's Interrogatories and Requests for Production of Documents. Notice of removal is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

9. Copies of all process, pleadings and orders served on Wal-Mart as of the date of the filing of this Notice of Removal are attached hereto as Exhibit 7.

10. Written notice of the filing of this Notice of Removal and exhibits hereto were served upon Plaintiff's counsel via U.S. Mail on February 24, 2015.

WHEREFORE, Defendant, Wal-Mart Stores East, LP, prays that it may effect the removal of this action from the Whitley Circuit Court to this Court and for all other appropriate procedures.

---

(…continued)

its Interrogatories and Requests for Production of Documents on January 29, 2015. (See January 29, 2015 e-mail correspondence regarding unverified discovery responses, attached at Exhibit 5.)

Respectfully submitted,

*/s/ Catherine A. Stivers*

---

CHRISTOPHER R. CASHEN
CATHERINE A. STIVERS
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, KY 40507
Telephone:  (859) 425-1000
Facsimile:   (859) 425-1099
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Paul K. Croley, II
Croley, Chaney, Foley, Smith & Cessna
P.O. Box 5141
London, KY 40745
*Counsel for Plaintiff*

*/s/ Catherine A. Stivers*

---

Counsel for Defendant

7469115