COMMONWEALTH OF KENTUCKY
34TH JUDICIAL CIRCUIT
WHITLEY CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI- 00578

MICHAEL JOHNSON,      PLAINTIFF

-VS.-

WAL-MART STORES, INC.      DEFENDANT

REGISTERED AGENT FOR SERVICE OF PROCESS

SERVE:

C T CORPORATION SYSTEM
306 W MAIN ST
SUITE 512
FRANKFORT, KY 40601

---

### COMPLAINT

---

Comes now the Plaintiff, Michael Johnson, by and through the undersigned counsel, and for his Complaint against the Defendant, Wal-Mart Stores Inc.., states as follows:

1. The plaintiff, Michael Johnson, is and was at all times relevant hereto, a Kentucky resident, residing at 2640 North Hwy 25 W, Williamsburg, Whitley County, Kentucky 40769.

2. The Defendant, Wal-Mart Stores, Inc. is a foreign corporation, licensed to do business within the State of Kentucky. The agent for service of process: CT Corporation, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

3. The claims made herein exceed the jurisdictional minimums of this court and venue is proper.

4. On or about October 20, 2013, the defendant named herein was an owner, occupier and/or manager of the premises located and doing business as Wal-Mart Stores, Inc., Store #1048 located in Williamsburg, Whitley County, Kentucky.

5. On or about October 20, 2013, plaintiff, Michael Johnson was a lawful business invitee of Wal-Mart Stores, Inc., Williamsburg, Kentucky.

6. As Plaintiff, Michael Johnson, was walking through the store on the aforementioned date, he walked through a clear slippery substance, which was situated in the floor in front of the shelves holding hair gel. Said substance was not readily observable to Mr. Johnson. Upon contact with the substance, Michael Johnson slipped and fell to the ground, injuring his body. Said substance constituted an unreasonably dangerous condition and hazard. Defendant knew, or reasonably should have known, by reasonable maintenance and inspection of the premises, of the substance;

Plaintiff did not see the substance in the floor prior to falling and there were no warning signs posted around the hazard. Defendant's failure to correct the condition or to warn Plaintiff constituted negligence, and such negligence was a proximate cause of the occurrence in question and in Plaintiff Michael Johnson's resulting injuries.

7. At the above time and place, Defendant, and/or its agents, servants and/or employees, had a duty to maintain and keep the premises in a safe and reasonable manner and in condition for the use of all patrons and invitees, including the plaintiff.

8. At the above time and place, Defendant, and/or its agents, servants and/or employees breached this duty by failing to maintain and keep the premises in a safe and reasonable manner and condition.

9. At the above time and place, defendant, by and through its agents, servants, and/or employees, negligently and recklessly failed to post caution signs warning patrons of slippery and potential dangerous floors.

10. Defendant, Wal-Mart Stores, Inc., is responsible for the conduct and negligent acts of its employees, agents, and/or servants under the theory of Respondeat Superior.

11. The acts and/or omissions by defendants stated herein constitute negligence.

12. The negligent acts and/or omissions stated herein were a proximate cause and substantial factor in causing the serious bodily injures of the plaintiff, Michael Johnson.

13. By virtue of the negligent acts and/or omissions stated herein, plaintiff, Michael Johnson, is entitled to recover monetary damages consisting of: past pain and suffering; future pain and suffering; past lost wages; impairment to earn future monies; past medical expenses; future medical expenses; and other incidental and out-of-pocket expenses.

**WHEREFORE,** Plaintiff, Michael Johnson, respectfully prays for the following relief:

1. That Plaintiff recover a judgment for against the Defendant for damages as set forth in this Complaint in an amount exceeding the jurisdictional limits of this Court;

2. Interest on said judgment at the legal rate from the date of judgment;

3. Prejudgment interest as allowed by law;

4. For attorney fees and costs herein expended;

5.    For a trial by jury;

6.    For any and all other proper relief, both legal and equitable, to which Plaintiff may appear entitled.

Respectfully submitted,

*/s/ Paul K. Croley, II*

Paul K. Croley, II, Esq.
*Croley, Chaney, Foley, Smith & Cessna*
PO Box 5141
London, Kentucky 40745
Telephone: (606) 862-4800
Facsimile: (606) 877-1616

Counsel for Plaintiff, Michael Johnson

4