UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL JOHNSON, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Civil No. 15-27-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM** |
| WAL-MART STORES EAST, LP, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

While shopping in Wal-Mart in Williamsburg, Kentucky, Plaintiff Michael Johnson slipped in some hair gel that had spilled on the floor. Johnson alleges that he was injured as a result of this incident and has sued Wal-Mart for negligence. The instant matter is before the Court on Wal-Mart's Motion for Summary Judgment. [R. 9.] Because the Court finds there is a genuine issue of material fact, the motion for summary judgment is DENIED.

**I**

On the day of the accident, Johnson and a friend were walking down an aisle in the Health and Beauty Department of Wal-Mart. Johnson was pushing the cart while his friend Kevin Lawson walked beside him. According to footage from Wal-Mart's video surveillance system, a few minutes before Johnson walked down the aisle, three female customers were in the same aisle, acting somewhat strangely. [R. 11.] One of the women took a jar of hair gel off the shelf, removed the lid, and began to throw the hair gel on the floor of the aisle. [*Id.*] One woman then appears to have kicked the jar on the floor, after which all three women left the aisle. The spilled hair gel covered about a foot and a half of space on the floor in a half-circle pattern. [R. 12 at 2.] According to the surveillance videos, the hair gel was first spilled on the

floor at 6:53:25, and Johnson entered the aisle less than ten minutes later at 7:02:37.  [R. 9-2 at 3.]  Johnson testified that neither he nor Lawson saw the gel on the floor until after he slipped. [R. 9-2 at 12 (Johnson Depo. at 47).]  There is some uncertainty as to whether Johnson actually fell to the ground and as to the extent of his injury.  According to Wal-Mart, the video surveillance shows Johnson going down on one knee but not falling to the floor. [R. 9-1 at 3.] According to Johnson, as he was walking down the aisle, his feet "shot out from under [him]" and he "hit the floor."  [R. 9-2 at 12 (Johnson Depo. at 48).]  He later testified that the cart "pushed away" from him and his bottom hit the floor.  [*Id*. at 54-55.]  Johnson further testified that after he fell, a manager came over, and at that point he and Lawson saw a "translucent looking" substance on the floor that was clear enough one could see the floor through it.  [*Id*. at 47-49, 51.]  The manager subsequently found the hair gel bottle with the cap removed.  Johnson testified that he did not go to the hospital that night but had burning pain from his neck down to his legs that did not improve with time.  [*Id*. at 57-59.]

Wal-Mart now moves for summary judgment, arguing that because the video surveillance cameras prove that Wal-Mart was not responsible for spilling the hair gel, and that it was less than ten minutes between the time that the hair gel was spilled and the time that Johnson slipped, Wal-Mart did not have actual or constructive knowledge of the potential hazard nor did Wal-Mart have sufficient time to clean up the spill or warn other customers about it.  In response, Johnson contends that nine minutes and fifteen seconds is sufficient time for Wal-Mart to remedy the hazard or warn people about it, and that had Wal-Mart reasonably inspected the premises it would have discovered the spilled hair gel.

At Wal-Mart's request, the Court held oral arguments, during which the parties confirmed that they do not dispute the following facts:  that Wal-Mart did not create or cause the

dangerous condition, that about nine minutes and fifteen seconds elapsed between the time the hair gel spilled on the floor and the time Johnson slipped in it, and that Wal-Mart had no actual knowledge of the spill. For purposes of Wal-Mart's summary judgment motion, the extent of Johnson's injuries is also not at issue. The question before the Court is whether Wal-Mart has sufficiently rebutted the presumption of negligence under *Lanier v. Wal-Mart*, 99 S.W.3d 431 (Ky. 2003), such that it is entitled to summary judgment.

## II

### A

This action is in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Because Kentucky is the forum state, its substantive law will be used. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citations omitted). However, federal procedural law will govern as applicable, including in establishing the appropriate summary judgment standard. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is appropriate when "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its

burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). In making this determination, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson*, 477 U.S. at 255). Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F.App'x 450, 452 (6th Cir. 2013).

**B**

To prevail on a negligence claim under Kentucky law, the plaintiff must prove that the defendant 1) owed the plaintiff a duty of care, 2) the defendant breached the standard of care by which his or her duty is measured, and 3) that the breach was the legal causation of the consequent injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003); *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). The element of duty is a question of law for the court to decide, breach and injury are questions of fact for the jury to decide, and causation is a mixed question of law and fact. *Pathways, Inc.*, 113 S.W.3d at 89 (citing *Deutsch v. Shein*, 597 S.W.2d 141, 145 (Ky. 1980)). If there is a genuine dispute as to any material fact

concerning the elements of duty, breach, or causation, such that a reasonable jury could find that Wal-Mart was negligent, the Court cannot grant summary judgment. *Anderson*, 477 U.S. at 255.

With respect to the element of duty, Wal-Mart owes a duty to its customers to maintain its premises in a reasonably safe condition, and also has an affirmative duty to reasonably inspect the premises in order to discover and remedy potentially dangerous conditions or otherwise warn its customers of such conditions. *Lanier v. Wal-Mart Stores, Inc*., 99 S.W.3d 431, 433 (Ky. 2003) (quoting *Prosser and Keeton on Torts*, § 61, at 425-26 (5th ed. 1984)).  The parties do not dispute the element of duty nor do they dispute the cause of Johnson's injuries, but rather they disagree as to whether Wal-Mart actually breached its duty to Johnson.  The issue of breach is generally a question of fact for a jury. *Pathways*, 113 S.W.3d at 89.

Here, in light of the video footage, the parties agree that Wal-Mart did not cause the hair gel to spill on the floor.  In premises liability cases where an invitee claims to have been injured as a result of slipping on a foreign substance, but where the premises owner did not cause the foreign substance to be in a place where a customer could fall, the Kentucky Supreme Court has overruled the previous cases that put the entire burden of proof on the injured customer and adopted a burden-shifting approach instead. *Lanier*, 99 S.W. 3d at 436.  Now, in such cases, the plaintiff initially must prove 1) that he encountered a foreign substance or other dangerous condition on the business premises; 2) that the substance was a substantial factor in causing the accident and injury; and 3) that because of the foreign substance or dangerous condition, the business premises were not in a reasonably safe condition for invitees. *Martin v. Mekanhart Corp*., 113 S.W. 3d 95, 98 (Ky. 2003) (citing *Lanier*, 99 S.W. 3d at 435-36).  Once the plaintiff meets this initial burden, such proof creates a rebuttable presumption of negligence that shifts the burden to the defendant to prove the absence of negligence by showing that it exercised

5

reasonable care under the circumstances in maintaining its premises.  *Id.* (citing *Lanier*, 99

S.W.3d at 435-37); *see also Bartley v. Educational Training Systems, Inc*., 134 S.W.3d 612, 616

(2004) (noting how *Lanier* changed the standard).  Under this approach, Kentucky businesses

still are not strictly liable for all situations in which one customer spills something on the floor

and another customer slips in it, but the burden of proof is shifted to the premises owner who has

the initial duty of reasonable care.  *Lanier*, 99 S.W. 3d at 436-37.

## C

The parties do not dispute the appropriate standard, nor do they dispute that Johnson has

met his initial burden under *Lanier*.  [*See* R. 9-1 at 6; R. 12 at 4-5.]  For purposes of its motion

for summary judgment, Wal-Mart assumes Johnson has met his initial burden of proof, and the

parties concede that the burden has shifted to Wal-Mart to rebut the presumption of negligence

by showing that it exercised reasonable care in maintaining the premises in a reasonably safe

condition.  Wal-Mart contends that it has sufficiently demonstrated such care because, based on

the video surveillance footage, 1) Wal-Mart did not cause the hair gel to be on the floor, and 2)

Wal-Mart did not have actual or constructive notice of the spilled hair gel.  [R. 9-1 at 6-7.]

Specifically, Wal-Mart contends that less than ten minutes was not sufficient time for Wal-Mart

to discover the spill and clean it or warn customers about it.  [*Id*. at 7-8.]

In support, Wal-Mart points to *Stump v. Wal-Mart Stores, Inc*., 946 F. Supp. 492 (E.D.

Ky. 1996), *aff'd* 103 F.3d 131 (6th Cir. 1996), in which the court granted summary judgment in

Wal-Mart's favor after finding that ten to fifteen minutes was inadequate to establish

constructive notice as a matter of law.  Johnson, however, points out that *Stump* was decided

several years before *Lanier*, and relies instead upon *DeArmon v. Wal-Mart Stores, Inc*., 2006 WL

3759699 (Ky. App. Dec. 22, 2006), where the plaintiff slipped in a clear liquid that was on the

floor for less than six minutes, and the court denied Wal-Mart summary judgment after finding that the question of whether five minutes and fifty-one seconds was sufficient time to cure the hazard was a question of fact for a jury.  Similarly, Johnson argues that the question of whether nine minutes and fifteen seconds is a sufficiently reasonable period of time for Wal-Mart to have discovered the hazard in the instant case is also a question of fact for the jury.  Thus, the issue presently before the Court is whether a jury should ultimately determine the question of whether Wal-Mart had sufficient time under the circumstances to discover and cure the condition of spilled hair gel.  Wal-Mart urges this Court to decide that question as a matter of law, while Johnson contends it is a question of fact.

None of the case law cited by either party definitively resolves this dispute.  In particular, the Court finds that *Stump* is not controlling in this case.  Although some of the reasoning in *Stump* still may be applicable,[1] the stated reason for granting summary judgment in *Stump* was that the plaintiff "utterly failed to introduce any proof whatsoever as to the length of time that the water was on the floor," and therefore the plaintiff was unable to establish that Wal-Mart had breached its duty of care.  *Stump*, 946 F. Supp. at 495.  Since *Lanier*, plaintiffs no longer have to prove how long the liquid has been on the floor.  *See Combs v. Meijer, Inc*., 2012 WL 3962383, *4 (E.D.Ky. Sep. 10, 2012) (finding that *Stump* had no application in a slip-and-fall case given the new analysis set forth in *Lanier*).  Moreover, although the court in *Stump* estimated that the water had been on the floor between ten and fifteen minutes, the court did not determine as a matter of law that ten to fifteen minutes is never long enough to discover and cure a defect in a Wal-Mart aisle, as Wal-Mart requests this Court to find in the instant case.[2]

---

[1] The *Lanier* court even relies on *Stump* when reiterating that a business is not liable in all slip-and-fall situations, and that there still must be negligence on the part of the business for liability to exist.  *Lanier*, 99 S.W.3d at 436.

[2] Wal-Mart also cites to *Saunders v. Lowe's Home Centers, Inc*., 2006 WL 1071788 (W.D.Ky. Apr. 20, 2006), where the plaintiff fell over pipes that had fallen in his path and the court granted summary judgment to Lowe's.

Johnson's reliance on *DeArmon v. Wal-Mart Stores, Inc.* is also problematic. Not only is it an unpublished Kentucky Court of Appeals case, but there was also a question of fact as to how the substance got on the floor. 2006 WL 3759699, at *2. The court in *DeArmon*, however, did apply the standard in *Lanier*, and found that the question of whether six minutes qualifies as a reasonable time for Wal-Mart to clean up spilled liquid before someone falls in it was "a question of fact not appropriately resolved on a motion for summary judgment." *Id*.

Similarly, in *McIntosh v. United States*, 2010 WL 812835 (E.D. Ky. March 4, 2010), a federal court applied the federal summary judgment standard in the context of Kentucky negligence law under *Lanier*. There, the court found that the question of whether the amount of time the water was on the floor was long enough for employees to have noticed and remedied the situation was a question of fact for a jury. *McIntosh*, 2010 WL 812835, at *3. Again, there was no proof in that case of how long the water had been there, but the defendant did provide evidence of steps it had taken to show reasonable care, such as putting up warning signs about the wet floor and laying down rugs. *Id*. Nevertheless, whether the warnings were adequate was still a question of fact for the jury. *Id*.

In the present case, there is no dispute as to how the hair gel spilled or how long it was on the floor. More importantly, because of *Lanier*, Johnson does not have the same burden of proof as the plaintiff in *Stump*. Here, the burden has shifted to Wal-Mart to produce evidence that less than ten minutes under these circumstances was not long enough to have discovered and cleaned up the hair gel. Wal-Mart has not produced such evidence. Wal-Mart simply relies on the video footage as proof of how long the hair gel was on the floor, and essentially argues that there was

---

That case is also distinguishable from Johnson's, however, because in *Saunders*, although the pipes were only on the ground for a few seconds, the court found the plaintiff "saw the pipes in plenty of time to avoid them" but instead tried to step over them. *Saunders*, 2006 WL 1071788, at *2.

nothing else it reasonably could have done to remedy the situation within that amount of time. This is an argument, however, that depends on one's perception of reasonableness under the circumstances, rather than any rule of law.  For instance, during oral arguments, counsel for Wal-Mart acknowledged that if the hair gel had been on the floor for only a few seconds, it would be highly unreasonable to expect a Wal-Mart employee to have time to prevent the accident, but if the gel had been lying on the floor for a week or even an entire day, the expectation that Wal-Mart should remedy the situation increases.  Thus, the reasonableness of what steps Wal-Mart should have taken in a given amount of time is based on a continuum focused almost entirely on the highly specific factual circumstances of each situation.  Such questions are generally considered more appropriate for a jury to decide.  *Anderson*, 477 U.S. at 248.

Even after *Lanier*, store owners have not become "an insurer against all accidents on the premises," and are only liable for negligence if they fail to use reasonable care under the circumstances.  *Lanier*, 99 S.W.3d at 437.  The standard in *Lanier* is clear, however, that Wal-Mart's burden is to produce *evidence* that it maintained its premises in a reasonably safe condition.[3]  *Id*.  Both federal and Kentucky cases applying the *Lanier* standard consistently note that there must be *evidence* that the premises owner exercised reasonable care such that knowledge of the dangerous condition should not be imputed to them.  *See, e.g., Martin v. Mekanhart Corp*., 113 S.W.3d 95, 98 (Ky. 2003) (finding the question of reasonable care in maintaining premises was for the jury where defendant did not provide sufficient evidence exercising reasonable care); *Combs*, 2012 WL 3962383, at *3-4 (noting that even though defendant produced evidence of routine floor inspections reasonable jurors could reach different

---

[3] In changing the burden in premises liability cases, the *Lanier* court explained that "it is unrealistic to require the victim of a fall resulting from a dangerous condition in a self-service grocery store to present *evidence* of the absence of reasonable care by the storekeeper."  *Lanier*, 99 S.W. 3d at 437 (citations omitted) (emphasis added). Rather the premises owner is in the better position to prove what measures of reasonable care were taken.  *Id*.

conclusions based on the evidence); *Mitchell v. Flying J Inc*., 2007 WL 1959174, *4-5 (W.D.

Ky. June 29, 2007) (explaining that *Lanier* requires defendant to prove whether it discharged its

duty through exercising reasonable care under the circumstances and then determining that the

sufficiency of the evidence presented by defendant of steps taken to correct the problem still

should be determined by jury); *DeArmon,* 2006 WL 3759699, at *2 (finding that Wal-Mart must

show the absence of negligence "through affirmative evidence").

     Thus, Wal-Mart actually has to prove that the gel was "there for an insufficient length of

time to have been discovered and removed or warned of by [its] employees." *Jenkins v.

Petsmart, Inc*., 2004 WL 360918, at *4 (quoting *Smith v. Wal-Mart Stores, Inc*., 6 S.W.3d 829,

831-32 (1999)).  Wal-Mart, however, has not produced any evidence of reasonable care, but

simply asserts there was not enough time to do anything more under the circumstances.  While

such a conclusion may be plausible, it is also based on factual determinations about which

reasonable minds could differ, and in the absence of actual evidence such questions should be

decided by a jury.  *Anderson*, 477 U.S. at 250.  Similarly, although Johnson argues that the

likelihood of someone slipping in the Health and Beauty Department is increased because it is a

"high-traffic" area [R. 12 at 4], Johnson produces no evidence to support that assertion, and the

video surveillance proves how many people came down the aisle during the time frame at issue.

Nevertheless, whether this constitutes "high traffic" again points to the factual nature of this

dispute, which further supports why a jury should make the ultimate liability determination.

     Finally, Wal-Mart implies that because cases such as *DeArmon* were decided by

Kentucky courts applying Kentucky's summary judgment standard, the outcome might be

different in federal court where the federal summary judgment standard applies instead of

Kentucky's standard.  *See Gafford v. Gen. Elec. Co*., 997 F.2d 150, 165 (6th Cir. 1993).  While it

is true that this Court must apply the federal summary judgment standard, we also apply Kentucky negligence law, under which questions of breach are generally decided by a jury. *Brantley v. Asher*, 2009 WL 126865 *2 (E.D. Ky. 2009) (quoting and applying *Pathways*, 113 S.W.3d at 89).  Moreover, under Federal Rule 56, as explained above, summary judgment is only appropriate if there is no genuine issue as to any material fact, and a fact's materiality is determined by the substantive law.  *Anderson*, 477 U.S. at 248.  Thus, even when applying the federal summary judgment standard, if Kentucky law indicates that certain questions are factual in nature and should be resolved by a jury, summary judgment as to those questions is not appropriate.  *See, e.g., Smith v. North Am. Stainless, L.P*, 158 F.App'x 699, 702 (6th Cir. 2005) (applying Kentucky standard in *Pathways* concerning which issues were questions of fact for the jury to determine in a negligence case); *Barstow v. Kroger Co*., 730 F.2d 1058 (6th Cir. 1984) (finding the same); *Simons v. Strong*, 978 F.Supp.2d 779, 783-84 (E.D. Ky. 2013) (applying Kentucky law to determine which elements of negligence were questions of fact for the jury to decide or questions of law for the court to decide); *Powers v. Tirupathi Hospitality, LLC*, 2011 WL 251001, *2 (Jan. 26, 2011) (denying summary judgment as to whether condition was open and obvious because Kentucky courts had decided that such an issue was a question of fact to be resolved by a jury and not an issue of law to be resolved by the court).

In Kentucky, the issue of breach is generally a question of fact for a jury.  *Pathways*, 113 S.W.3d at 89.  In the context of premises liability, courts frequently find that determinations about how much time it should take for a premises owner to correct a dangerous condition is a question of fact, as seen in the cases cited above.  *See also Smith*, 6 S.W.3d at 831 (finding that the question of whether the length of time it takes for an Icee to melt on the floor was a sufficient amount of time for Wal-Mart to have discovered it was a question of fact for the jury).  Even

11

when applying the federal summary judgment standard, when a negligence case turns on applying a standard of reasonableness to the parties' conduct, such determinations are generally left to the jury. *Biegas v. Quickway Carriers, Inc*., 573 F.3d 365, 376 (6th Cir. 2009).

Ultimately, summary judgment is not about which party has the stronger argument but about whether there are factual issues that "may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id*. at 252.  The Sixth Circuit has warned that "summary judgment should be granted with caution and only where . . .  it is quite clear what the truth is and no genuine issue of fact remains for trial.  The purpose of the rule is not to cut litigants off from the right to trial by jury if they really have issues to try." *Rogers v. Peabody Coal Co*., 342 F.2d 749, 751 (6th Cir. 1965).  Particularly in negligence cases, "there is eminent authority in support of the proposition that issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner." *Id*.

Here, Wal-Mart concedes the "only issue" is "whether the hair gel was on the floor a sufficient amount of time for Wal-Mart to discover it, remedy it, or warn about it."  [R. 14 at 1.] Although Wal-Mart asks this Court to assume there was nothing else that Wal-Mart could reasonably have done within nine minutes and fifteen seconds to prevent the accident, Wal-Mart has not produced evidence that this is so.  While a reasonable juror could be persuaded that Wal-Mart acted reasonably under the circumstances, on the other hand, a reasonable juror could also be persuaded by Johnson's arguments that a Wal-Mart employee should have been monitoring the aisles more frequently, that Wal-Mart should anticipate similar spills in a department that is full of bottles containing slippery substances, or that Wal-Mart should have had a better system

in place to prevent or at least discover and cure such problems.  This conclusion is no commentary on the relative strength or weakness of either party's case, but simply a recognition that because reasonable minds could come to different conclusions based on the evidence, such questions are more appropriate for presentation to a jury than for the Court to decide as a matter of law.  *See F.D.I.C. v. Jeff Miller Stables*, 573 F.3d 289, 299 (6th Cir. 2009) (finding that summary judgment, even in federal court, is appropriate only "where reasonable minds could not disagree as to the conclusion to be drawn from the evidence") (citing *Anderson*, 477 U.S. at 250).  Therefore, due to the fact-intensive nature of the present inquiry, summary judgment is not appropriate.  *See Wilkerson v. McCarthy*, 336 U.S. 53, 61-64 (1949) (explaining that cases should be submitted to juries whenever there are plausible arguments on either side concerning a party's negligence because in our country "the jury is made the tribunal to decide disputed questions of fact," and jurors are expected to properly fulfill their constitutional function by finding facts "only because they are proved") (internal citations omitted).

### III

Although "deciding when to take a case away from the jury is a matter of degree, a line drawn in sand, … this is all the more reason why the judiciary should be careful not to overstep the line." *Middleton v. Reynolds Metals Co.*, 963 F.2d 881, 884 (6th Cir. 1992) (quoting *Horton v. Union Light, Heat & Power Co.,* 690 S.W.2d 382, 385 (Ky.1985)).  If resolving the dispute depends on inferences to be drawn from facts, the case should be submitted to a jury. *Anderson*, 477 U.S. at 248.  Here, whether Wal-Mart has sufficiently rebutted the presumption of negligence depends on whether nine minutes and fifteen seconds was sufficient time for Wal-Mart to have noticed the spill and cleaned it or otherwise warned customers about it.  The reasonableness of the time frame at issue is completely dependent on the surrounding

circumstances and therefore cannot be determined as a matter of law.  Thus, viewing the facts in the light most favorable to Johnson and drawing all inferences in his favor, *Anderson*, 477 U.S. at 255, the question of whether Wal-Mart exercised reasonable care under the circumstances "presents a sufficient disagreement to require submission to a jury."  *Id.*, at 251–52.

Accordingly, for the reasons stated above, and the Court being sufficiently advised, it is hereby **ORDERED** that Wal-Mart's Motion for Summary Judgment [**R. 9**] is **DENIED**.

This the 14th day of March, 2016.

Gregory F. Van Tatenhove
United States District Judge